UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| B.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-251 |
| | ) | |
| JAY SHREE MAA DURGA, INC. | ) | |
| d/b/a Baymont By Wyndham | ) | |
| Hinesville, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff alleges she is the victim of sex trafficking and brings claims under the Trafficking Victims Protection Reauthorization Act (TVPRA) against the owner and manager of the Baymont by Wyndham where she was trafficked.  *See generally* doc. 1.  She filed her Complaint using her initials, *see generally id.*, and seeks the Court's leave to pursue her claims anonymously, *see* doc. 2.  Although Defendant has not yet appeared, Plaintiff believes that Defendant "will consent to Plaintiff proceeding without publicly disclosing her name," doc. 1 at 3.  Plaintiff agrees to disclose her name to the Defendant.  Doc. 2 at 2; *see also* doc. 1 at 3.

"Lawsuits are public events, and the public has a presumptive right to know the identity of the litigants who use the courts to resolve their disputes." *Freedom From Religion Foundation, Inc. v. Emanuel County School System*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015) (internal cites and quotations omitted). By rule, "[t]he title of the complaint must name all the parties. . . ." Fed. R. Civ. P. 10(a). This requirement is more than just procedural, as "First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Freedom From Religion Foundation*, 109 F. Supp. 3d at 1356 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). "Although this creates a strong presumption in favor of parties proceeding in their own names, the rule is not absolute." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (internal quotations and alterations omitted)). To proceed anonymously, a party must establish "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Stegall*, 653 F.2d at 186).

To determine whether a party's privacy interest outweighs the public's interest in open court proceedings, the Eleventh Circuit has established a two-step test. *See In re: Chiquita Brands International, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). As the "first step," the Court should analyze three factors, first set forth in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) (*SMU*): whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution. *In re Chiquita Brands International*, 965 F.3d at 1247 (citing *Plaintiff B*, 631 F.3d at 1316).

After analyzing these factors, as the second step, the Court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *In re Chiquita Brands International*, 965 F.3d at 1247 (internal quotation marks, citation, and emphasis omitted). The Eleventh Circuit noted in *Chiquita Brands* that, although a court must consider the *SMU* factors, "[i]n practice . . .

3

whether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question." *Id.* at n. 5. In considering whether proceeding anonymously is appropriate, the Eleventh Circuit has considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316 (citations omitted).

Since one of the factors to be considered is the risk of unfairness to the Defendant, the Court will withhold ruling on Plaintiff's Motion until Defendant has an opportunity to respond. Ordinarily a party has 14 days to respond to a motion from the date of service. *See* S.D. Ga. L. Civ. R. 7.5. However, given that Defendant has not yet appeared and the status of service of the Summons and Complaint is currently unknown, for clarity, the Court *sua sponte* extends Defendant's time to respond to Plaintiff's Motion. *See, e.g.*, Fed. R. Civ. P. 6(b)(1); S.D. Ga. L. Civ. R. 7.5. Defendant is **DIRECTED** to file its response to Plaintiff's Motion for

Protective Order and Leave to Proceed via Initials, doc. 2, within 14 days of its appearance in this case.

**SO ORDERED**, this 8th day of November, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA