**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| B.S. | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| V. | : | 4:24-cv-00251-RSB-CLR |
| | : | |
| JAY SHREE MAA DURGA, INC. | : | JURY TRIAL REQUESTED |
| d/b/a BAYMONT BY WYNDHAM | : | 12-PERSON JURY |
| HINESVILLE, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER AND DEFENSES

**COMES NOW,** Defendant Jay Shree Maa Durga, Inc. d/b/a Baymont by Wyndham Hinesville (hereinafter "Defendant"), by and through undersigned Counsel, and files this Answer and Defenses to Plaintiff's Complaint ("this Answer"), showing the Court as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred by the applicable statute of limitations.

### THIRD DEFENSE

1

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

## FOURTH DEFENSE

Plaintiff's Complaint should be dismissed because of improper venue.

## FIFTH DEFENSE

The failure to specifically state items of special damages sought in this action bars their recovery in this action.

## SIXTH DEFENSE

Plaintiff is guilty of laches and therefore Plaintiff's Complaint against this Defendant should be dismissed.

## SEVENTH DEFENSE

Defendant is not liable to Plaintiff for punitive damages in this action as a matter of law.

## EIGHTH DEFENSE

Defendant is not liable to Plaintiff attorney's fees in this action as a matter of law.

## NINTH DEFENSE

Defendant asserts that all of Plaintiff's alleged injuries and damages were not the proximate cause of any of Defendant's actions or inactions, but rather the actions or inactions of a third party.

## TENTH DEFENSE

Defendant reserves the right to add or modify these defenses as may appear applicable during the course of this litigation.

## ELEVENTH DEFENSE

Responding specifically to the allegations contained in Plaintiff's Complaint, Defendant responds as follows:

## *INTRODUCTION*

## 1.

In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant states that Defendant has owned and managed the Baymont Wyndham Hinesville Hotel since 2008.

## 2.

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

## *PROCEDURAL ISSUES*

## 3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defense counsel is aware that Plaintiff has filed a Motion for Protective Order.

Defense Counsel will consent to Plaintiff proceeding without publicly disclosing her name.

**4.**

Admitted.

**5.**

Admitted.

**6.**

Denied.

**7.**

Defendant specifically denies that this Court has subject matter jurisdiction and denies that the Trafficking Victims Protection Reauthorization Act, while the law of the United States, creates federal question jurisdiction or authorizes a right to recovery in a private civil matter in this Court.

**8.**

Denied.

### *B.S. IS TRAFFICKED FOR SEX AT THE HOTEL*

**9.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**10.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**11.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**12.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**13.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**14.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**15.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**16.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint. Therefore, it is

denied. Defendant specifically denies any inference or allegation of negligence or liability.

## 17.

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

## 18.

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

## 19.

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**20.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**21.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**22.**

Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint. Therefore, it is denied. Defendant specifically denies any inference or allegation of negligence or liability.

**23.**

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint, including all subparts.

**24.**

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint, including all subparts.

**25.**

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint, including all subparts.

**26.**

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint, including all subparts.

**27.**

Denied.

**28.**

Denied.

**29.**

Denied.

***CAUSATION AND DAMAGES***

**30.**

Denied.

**31.**

Denied.

**32.**

Denied.

**33.**

Defendant denies that Plaintiff is entitled to recover the relief sought in Paragraph 33, including subparts.

**34.**

Denied.

**35.**

Denied.

**36.**

Denied.

**37.**

Defendant specifically denies that Plaintiff is entitled to the relief sought in her Prayer for Relief, immediately following Paragraph 36 beginning with word WHEREFORE.

**38.**

All other allegations contained in Plaintiff's Complaint not admitted, denied, or otherwise responded to are denied.

Respectfully submitted, this 17th day of December, 2024.

**GROTH, MAKARENKO, KAISER & EIDEX**
*Counsel for Defendant*

_____
**Lauren A. Smith**
Georgia Bar No. 641798
lsmith@gmke.law


One Sugarloaf Centre
1960 Satellite Blvd, Suite 2000
Duluth, Georgia 30097
Telephone: 678.730.7502

### RULE 7.1.D Certificate

The undersigned counsel certifies that this document has been prepared in accordance with the Local Rule 10.1.

_____
**Lauren A. Smith**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 17, 2024, a true and correct copy of the foregoing **Defendant's Answer and Defenses** was filed with the Court's CM/ECF system which should serve the foregoing on all parties and counsel of record with the Court.


**Lauren A. Smith**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| B.S. | : | |
| | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| V. | : | 4:24-cv-00251-RSB-CLR |
| | : | |
| JAY SHREE MAA DURGA, INC. | : | JURY TRIAL DEMANDED |
| d/b/a BAYMONT BY WYNDHAM | : | 12-PERSON JURY |
| HINESVILLE, | : | |
| | : | |
|     Defendant. | : | |

### DEFENDANT'S DEMAND FOR TRIAL BY JURY OF TWELVE

**COMES NOW,** Defendant Jay Shree Maa Durga, Inc. d/b/a Baymont by Wyndham Hinesville and demands trial of this action by jury of twelve.

Respectfully submitted, this 17th day of December, 2024.

**GROTH, MAKARENKO, KAISER & EIDEX**
*Counsel for Defendant*

_____
**Lauren A. Smith**
Georgia Bar No. 641798
lsmith@gmke.law


One Sugarloaf Centre
1960 Satellite Blvd, Suite 2000

1

Duluth, Georgia 30097
Telephone: 678.730.7502

### RULE 7.1.D Certificate

The undersigned counsel certifies that this document has been prepared in accordance with the Local Rule 10.1.

_____
**Lauren A. Smith**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 17, 2024, a true and correct copy of the foregoing **Defendant's Demand for Trial by Jury of Twelve** was filed with the Court's CM/ECF system which should serve the foregoing on all parties and counsel of record with the Court.

**Lauren A. Smith**