UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |  |
|---|---|---|
| B.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-251 |
| | ) | |
| JAY SHREE MAA DURGA, INC., | ) | |
| d/b/a BAYMONT BY WYNDHAM | ) | |
| HINESVILLE | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff alleges she is the victim of sex trafficking and brings claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA") against the owner and manager of the Baymont by Wyndham where she was trafficked. *See generally* doc. 1. She filed her Complaint using her initials, *see generally id.*, and seeks the Court's leave to pursue her claims anonymously, *see* doc. 2. This request includes: (1) anonymity in court filings; and (2) an order directing Defendant to "keep Plaintiff's identity confidential throughout the discovery process and until the Court further addresses the issue with the benefit of a full record." *Id.* at 2. Plaintiff agrees to disclose her name to the Defendant. *Id.* at 2; *see*

1

*also* doc. 1 at 3.  Defendant has not responded to Plaintiff's motion within the 14-day period to do so, rendering it unopposed.  *See generally* docket; *see also* doc. 5 at 4-5 ("Defendant is [directed] to file its response to Plaintiff's Motion for Protective Order and Leave to Proceed via Initials, doc. 2, within 14 days of its appearance.") (emphasis omitted); S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").  Plaintiff's motion is now ripe for review.

"Lawsuits are public events, and the public has a presumptive right to know the identity of the litigants who use the courts to resolve their disputes." *Freedom From Religion Foundation, Inc. v. Emanuel County School System*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015) (internal cites and quotations omitted).  By rule, "[t]he title of the complaint must name all the parties. . . ." Fed. R. Civ. P. 10(a).  This requirement is more than just procedural, as "First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Freedom From Religion Foundation*, 109 F. Supp. 3d at 1356 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).  "Although this creates a strong presumption in favor of parties proceeding in their own names, the rule

2

is not absolute." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (internal quotations and alterations omitted)). To proceed anonymously, a party must establish "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Stegall*, 653 F.2d at 186).

To determine whether a party's privacy interest outweighs the public's interest in open court proceedings, the Eleventh Circuit has established a two-step test. *See In re: Chiquita Brands International, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). As the "first step," the Court should analyze three factors, first set forth in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) ("*SMU*"): whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution. *In re Chiquita Brands International*, 965 F.3d at 1247 (citing *Plaintiff B*, 631 F.3d at 1316); *see also S. Methodist*,

599 F.2d at 713 (describing the shared characteristics of plaintiffs that have been allowed to proceed using fictitious names) ("The plaintiffs in those actions, at the least, divulged personal information of the utmost intimacy; many also had to admit that they either had violated state laws or government regulations . . . .").

After analyzing these factors, as the second step, the Court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *In re Chiquita Brands International*, 965 F.3d at 1247 (internal quotation marks, citation, and emphasis omitted). The Eleventh Circuit noted in *Chiquita Brands* that, although a court must consider the *SMU* factors, "[i]n practice . . . whether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question." *Id.* at n. 5. In considering whether proceeding anonymously is appropriate, the Eleventh Circuit has considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a

4

unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316 (citations omitted).

The Court now turns to the first step of its two-step analysis. Plaintiff is not challenging governmental activity, but rather suing a private business entity. *See generally* doc. 1. However, given the nature of the Complaint's allegations, Plaintiff would be compelled to disclose information of the utmost intimacy if she is not permitted anonymity. Plaintiff's Complaint makes direct references to Plaintiff being subjected to kidnapping, drugging, physical abuse, human trafficking, imprisonment, and numerous of instances of sexual assault and rape. Doc. 1 at 4-5, 7. Additionally, Plaintiff's Complaint alleges that she was coerced into committing acts that may have violated state law, depending upon her age throughout the course of events involved in this suit. *See* doc. 1 at 4; *see also, e.g.*, O.C.G.A. § 16-6-9 ("A person, 18 years of age or older, commits the offense of prostitution when he or she performs or offers or consents to perform a sexual act, including, but not limited to, sexual intercourse or sodomy, for money or other items of value."). Plaintiff's allegations implicate two of the three *SMU* factors, particularly that which involves revealing information of the "utmost

5

intimacy."

The Court turns, then, to the specific circumstances of this case to determine whether the Plaintiff's privacy interests outweigh the presumption of openness. *Plaintiff B*, 631 F.3d at 1316. Plaintiff does not desire to be publicly identified as a sex trafficking victim. Doc. 2 at 2. Plaintiff's motion relies almost entirely upon analogy to *Plaintiff B*, 631 F.3d 1310, to establish that Plaintiff is entitled to the relief she seeks. *Plaintiff B* is instructive. The sexually explicit conduct involved in *Plaintiff B* exclusively involved content displaying minors. *Id.* at 1312 ("The Plaintiffs in this action are all women who were under the age of eighteen when the relevant events alleged in the Complaint took place."). Similarly, it appears that most or all of the conduct at the heart of this case took place before Plaintiff turned 18 years old, although the Complaint contains ambiguity regarding when the alleged sex trafficking scheme concluded. *See* doc. 1 at 4-5. At their core, both cases include allegations of explicit sexual conduct involving minors that was achieved through coercion. *See generally* doc. 1; *Plaintiff B*, 631 F.3d at 1312. Here, Plaintiff was allegedly subjected to a pattern of sexual, physical, and substance abuse. Doc. 1 at 4-5. As the Fifth Circuit observed in

6

*SMU*, "'Where the issues involved are matters of a sensitive and highly personal nature' . . . the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" 599 F.2d at 712-13 (citing *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974)). Plaintiff has established that her privacy interests outweigh the public's interest in open court proceedings, insofar as it relates to anonymity in Court filings. Therefore, the Court **GRANTS, in part,** Plaintiff's Motion for Protective Order and Leave to Proceed Via Initials with Brief in Support, doc. 2, allowing Plaintiff to remain anonymous in Court filings.

Plaintiff also seeks an order directing Defendants to "keep Plaintiff's identity confidential throughout the discovery process . . . ." Doc. 2 at 1. Although their motion is unopposed, Plaintiff presents no arguments specifically linking her privacy interests to the requested discovery restrictions and points to no authority to justify extending the anonymity to the discovery process. *See generally* doc. 2. Therefore, the Court **DENIES, in part,** Plaintiff's Motion for Protective Order and Leave to Proceed Via Initials with Brief in Support, doc. 2, to the extent that it requests a protective order governing discovery. Either party

7

remains free to move for a protective order, and the Court encourages the parties to work together to agree on a proposed plan to govern any confidentiality necessary during the discovery process in this case. *See* Fed. R. Civ. P. 26(c).

    **SO ORDERED**, this 22nd day of January, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA