**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| B.S.,<br><br>Plaintiff,<br><br>v.<br><br>Jay Shree MAA Durga, Inc. d/b/a Baymont by Wyndham Hinesville,<br><br>Defendant. | CIVIL ACTION NO.: 4:24-CV-00251-RSB-CLR |

**RULE 26(f) REPORT**

The attorney(s) and/or unrepresented parties listed below certify that:

1) they have read the Court's Rule 26 Instruction Order entered in this case;

2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

January 2, 2025
Joseph J. Gleason, The Stoddard Firm, Attorney for Plaintiff
Lauren A. Smith, Groth Makarenko Kaiser & Eidex, Attorney for Defendant

# I. INITIAL MATTERS:

## A. Jurisdiction and Venue

The defendant(s)

☒ does ☐ does not

contest jurisdiction and/or venue (for multiple defendants, identify which defendants contest jurisdiction and/or venue). If contested, such position is because:

1) Jurisdiction:

Defendant denies that Plaintiff's Complaint, based on the Trafficking Victims Protection Reauthorization Act, is sufficient to create federal question jurisdiction and therefore Subject Matter Jurisdiction because the Trafficking Victims Reauthorization Act does not authorize a right to recovery in a private civil matter in this Court.

2) Venue:

Defendant does not contest Venue.

## B. Immunity

The defendant(s)

☐ has raised ☐ will raise ☒ will not raise

an immunity defense based on:

N/A

### C. Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided. If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

N/A

## II. SETTLEMENT:

### A. Settlement Efforts to Date

The parties state:

☒ They have not yet taken any efforts to resolve this dispute.

☐ They have taken efforts to resolve this dispute, and those efforts generally consisted of:

The parties believe that any efforts to resolve this matter will first require some discovery to take place.

### B. Early Settlement Discussion

Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

☐ The parties are prepared to discuss settlement with the Court at this time.

☒ The parties will not be prepared to discuss settlement until: **July 3, 2025**.

If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

The parties wish to obtain preliminary discovery and conduct some depsositions before discussing settlement.

## III. INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:

### A. Initial Disclosures

Rule 26(a)(1) disclosures:

☒ have been completed. ☐ will be completed by ___.

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference. If any party is requesting additional time to provide disclosures, please explain why:

The parties are not requesting additional time.

### B. Scheduling Conference

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. Ordinarily, the Court will allow appearance via telephone. If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

The parties do not request that the Court hold a scheduling conference.

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report. Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

Counsel for parties are available from February 3-5, 2025, via phone and zoom.

## IV. DISCOVERY

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

First: Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);

Second: Conducting discovery depositions of fact witnesses who have not been designated as experts;

Third: Making all expert disclosures; and

Fourth: Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties must propose discovery deadlines that follow this sequential course. In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures. Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

The parties agree generally with the format but believe that some additional written discovery may be needed after depositions begin as sometimes deponents mention evidence that can then be requested.

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

The parties request a longer discovery track. Counsel for Plaintiff have participated in numerous similar cases and have found that it takes extensive time before government entities such as local police and the military provide records. Further, any mental health records also seem to take substantial periods of time to obtain. And Defendant's franchisor (Wyndham Hotels & Resorts) also seems to take substantial time to produce documents. Depositions typically cannot take place until after the documents are received. Furthermore, both counsel for Plaintiff and lead counsel for Defendant live out of town. This will make deposition scheduling a little more challenging due to clearing schedules for driving.

**A. Fact-Based Written Discovery, Inspections, and Examinations**

i. Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by **July 3, 2025**.

ii. The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is: 25.

If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

N/A

iii. Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)? Yes.

If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

Plaintiff will seek to inspect the hotel premises and security camera system. Plaintiff will also request photographs (headshots) of hotel employees and should Defendant not already have such photographs, then taking those photographs will technically be a request for inspection. The parties request that these inspections occur prior to July 3, 2025 so the photos can be used at depositions.

iv. Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35? No.

If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery.

N/A

**B. Depositions of Non-Expert Witnesses**

i. Discovery depositions of witnesses who have not been designated as experts will be completed by: **October 3, 2024**.

ii. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is: 10.

If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why:

Plaintiff is likely going to request more than 10 depositions as these cases often hinge on the testimony of many individuals.

iii. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of:

N/A

which, by agreement, shall be limited as follows:

N/A

**C. Expert Discovery**

i. Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses? Yes.

ii. Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses? Yes.

iii. Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **November 3, 2025**.

iv. Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **December 5, 2025**.

v. The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by **January 5, 2026**.

If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

N/A.

## D. Agreed Discovery Procedures

i. Unique Circumstances

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

N/A

ii. Phased Discovery

Does any party propose that discovery be limited or proceed in phases? If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time. Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter. As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

N/A.

**E. Third-Party Discovery**

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action? Yes

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

The parties are going to request non-party discovery from local law enforcement, plaintiff's medical providers, etc. The parties do not anticipate difficulties in obtaining this discovery nor do the parties anticipate a third party attend a scheduling conference, should the Court require one.

**F. Electronically Stored Information**

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i. Do the parties anticipate any disagreements about electronic discovery? If so, please explain:

No.

ii. Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery? If so, please explain:

No.

iii. Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

No.

**G. Privileged, Protected, and/or Confidential Communications and Information**

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

i. Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection? Yes

If so, please briefly describe such agreement:

The Parties' agreed Protective Order affords limited protection to certain materials believed by a party or non-party to be confidential. The agreed Protective Order allows the parties and non-parties to expedite discovery, while reserving for a later date any final rulings by the Court as to whether any particular material should be withheld from public view.

ii. Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?

No

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

N/A

iii. Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement?

No

If so, please explain:

N/A

## H. Protected Health Information

i. Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

Yes

ii. Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

Yes

iii. Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

Yes

iv. Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order? No

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

N/A

v. Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement? No

If so, please explain:

N/A

## V. MOTIONS

### A. Motions to Amend the Pleadings or to Add Parties

i. The plaintiff(s) ☐ does ☒ does not

anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by **February 14, 2025**.

ii. The defendant(s) ☐ does ☒ does not

anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by **February 14, 2025**.

If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate:

N/A

iii. By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.

N/A

### B. Civil Motions (Except Motions in Limine)

All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by: **January 19, 2026**.

If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary:

N/A

## VII. ADDITIONAL MATTERS

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:[1]

N/A

Dated: **January 27, 2025**

______________________________
Pro Se Party (if applicable)

______________________________
Pro Se Party (if applicable)

/s/ Joseph J. Gleason
Counsel for Plaintiff(s)

/s/ Click here to enter text.
Counsel for Plaintiff(s)

/s/ Click here to enter text.
Counsel for Plaintiff(s)

/s/ Click here to enter text.
Counsel for Plaintiff(s)

/s/ Lauren A. Smith
Counsel for Defendant(s)

/s/ Click here to enter text.
Counsel for Defendant(s)

/s/ Click here to enter text.
Counsel for Defendant(s)

/s/ Click here to enter text.
Counsel for Defendant(s)

[1] The parties need not include any trial-related matters in this statement. Following the motions filing deadline and the resolution of any dispositive motions, if this case is still pending, the Court will file its standard Order and Notice of Trial Preparation Requirements. After consulting with the parties, the Court will issue a Trial Preparation Scheduling Order tailored to the needs of this case. That order will set the pretrial conference and trial dates as well as deadlines for, amongst other matters, the submission of motions in limine and the joint proposed pretrial order.